# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA B. GALE, an individual, and as Trustee of Andrea Beryl Gale Revocable Living Trust,<br><br>    Plaintiff,<br>vs.<br><br>CITIMORTGAGE, INC.; NATIONSTAR MORTGAGE, LLC; CAL-WESTERN RECONVEYANCE CORPORATION; QUALITY LOAN SERVICE, as trustee, and DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:12-cv-02065-GMN-VCF<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Preliminary Injunction, as amended before this Court, requesting that Defendants be enjoined from pursuing eviction of Plaintiff. (ECF No. 21.) Defendants Quality Loan Service Corporation ("Quality Loan") and Nationstar Mortgage, LLC ("Nationstar") filed a Response (ECF No. 25) and Plaintiff filed a Reply (ECF No. 30). Defendant Nationstar filed an Affidavit as a supplement to its opposition (ECF No. 26).

Defendants Quality Loan and Nationstar also filed a Sur-Reply (ECF No. 31), and Plaintiff filed a Sur-Reply (ECF No. 34) with an accompanying Affidavit (ECF No. 35). Federal National Mortgage Association ("Fannie Mae") filed a Supplemental Brief in Support of its Opposition (ECF No. 42), and Plaintiff filed a Reply (ECF No. 44) pursuant to the Court's Order at the hearing December 28, 2012 (ECF No. 41).

I. **PROCEDURAL HISTORY**

Plaintiff is currently facing eviction following the foreclosure sale of her property to

Fannie Mae on August 3, 2012. (Mot. for Prelim. Inj., ECF No. 1-5; Trustee's Deed Upon Sale, ECF No. 1-4.)  On October 18, 2012, appearing *pro se*, Plaintiff filed suit in state court against Defendants CitiMortgage, Inc. ("CitiMortgage"), Nationstar, Cal-Western Reconveyance Corporation ("Cal-Western"), and Quality Loan, as well as four other defendants, LSI Title Agency, Inc., Nevada Title Company, and individuals Stephanie Denton, and J. Archuleta. (ECF No. 1-2.)  In her Amended Complaint, also filed *pro se* in state court on November 21, 2012, Plaintiff omitted LSI Title Agency, Inc., Nevada Title Company, Stephanie Denton, and J. Archuleta from the complaint, and named Fannie Mae as an Indispensable Party. (Am. Compl., 2:¶8, ECF No. 1-4.)

On November 20, 2012, Plaintiff filed a lis pendens in the state court docket for the action. (Docketed Lis Pendens, Ex. B to Supp. Opp., ECF No. 42-2.)  However, Plaintiff did not record a copy of the lis pendens with the Clark County Recorder until ten (10) days later, on November 30, 2012. (Recorded Lis Pendens, Ex. C to Supp. Opp., ECF No. 42-3.)

The action was removed to this Court on December 4, 2012 by Quality Loan. (ECF No. 1.)  On December 21, 2012, Defendant CitiMortgage filed its Joinder to the Petition for Removal (ECF No. 28).

In her Amended Complaint, Plaintiff alleges seven causes of action: (1) Statutorily Defective Foreclosure against all Defendants; (2) Breach of Contract against CitiMortgage and Nationstar; (3) Violation of NRS § 205.372 against CitiMortgage and Nationstar; (4) Breach of Implied Covenant of Good Faith and Fair Dealing against CitiMortgage and Nationstar; (5) Intentional Interference with Contractual Relations against Nationstar; (6) Fraudulent Misrepresentation against CitiMortgage and Nationstar; and (7) Negligence Per Se against all Defendants, and Mortgage Electronic Registration Systems, Inc. ("MERS"), which was not named as a Defendant in the Complaint.

On December 7, 2012, this Court extended the Temporary Restraining Order ("TRO")

which had been issued by the state court, and a motion hearing was scheduled for December 14, 2012. (ECF Nos. 7, 8.)  At the hearing, the Court ordered additional briefing and extended the TRO again until another hearing could be held on December 28, 2012. (ECF No. 20.)  At that hearing, the Court heard arguments, extended the TRO until January 11, 2013 at 5:00 p.m., and ordered supplemental briefing from Fannie Mae and Plaintiff. (ECF No. 41.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions. Fed. R. Civ. P. 65(b).  A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial.  The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734

F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

### III. BACKGROUND

In 2006, Plaintiff obtained a loan from National Bank of Kansas City, secured by a Deed of Trust on the property located at 251 S. Green Valley Parkway, #714, Henderson, Nevada, 89012, APN #178-19-715-029 ("the property"). (Deed of Trust, ECF No. 1-4.) The Trustee was Nevada Title Company, and MERS was designated as beneficiary solely as nominee for the Lender and its successors and assigns. (*Id.*)

#### A. The Loan Modification Agreement with CitiMortgage

Plaintiff alleges that she entered into a Loan Modification Agreement in October 2010 with CitiMortgage, but submitted to this Court a copy of a fax of a Loan Modification Agreement which was not completely legible. (Am. Compl. & Ex. 6, ECF No. 1-4.) Plaintiff alleges that CitiMortgage then "sold off" the mortgage to Nationstar. (*Id.*) In January 2011, Nationstar sent letters to Plaintiff notifying her that her mortgage payments were past due. (*Id.* at Ex. 7)

#### B. Foreclosure & Sale of the Property by Nationstar and Quality Loan

In July 2010, a Notice of Default had been recorded by Cal-Western, and signed by "G. Sheppard" of LSI Title Agency, Inc., as agent, that was subsequently rescinded by Cal-Western in November 2010. (2010 Notice of Default, ECF No. 1-4; Notice of Rescission, ECF No. 1-4.)

The operative Notice of Default for the subsequent sale of the property to Fannie Mae on August 3, 2012 (Trustee's Deed Upon Sale, ECF No. 1-4), was recorded by Quality Loan, as trustee, on July 11, 2011 (2011 Notice of Default, ECF No. 1-4). Quality Loan was named Trustee by Nationstar, as beneficiary, in a Substitution of Trustee that was signed and dated July 1, 2011, and recorded on July 7, 2011 by Quality Loan as agent for Nationstar. (2011 Substitution of Trustee, ECF No. 1-4.) Nationstar was named beneficiary by CitiMortgage in

an Assignment of Deed of Trust that was signed and dated June 27, 2011, and recorded July 5, 2011, by Nationstar as agent for CitiMortgage. (2011 Assignment of Deed of Trust, ECF No. 1-4.) CitiMortgage had previously been named beneficiary in an Assignment of Deed of Trust that was signed July 29, 2010, dated July 6, 2010, and recorded August 3, 2010 by MERS as the original Trustee. (2010 Assignment of Deed of Trust, ECF No. 1-4.)

A Certificate of Foreclosure Mediation was issued and recorded by the State of Nevada in January 2012, indicating that the property was a non-applicable property and that the beneficiary may proceed with the foreclosure process. (Certificate of Mediation, ECF No. 1-4.) Plaintiff attached a copy of her Election to Mediate Form to the Complaint, in which she listed a different mailing address than the address of the property. (Election to Mediate Form, ECF No. 1-4.)

IV. **DISCUSSION**

As discussed below, the Court cannot find a basis on which to grant the injunction and enjoin defendants from pursuing eviction. Plaintiff has not shown that she has any likelihood of success on the merits that would entitle her to void the trustee's sale or recover title to the property. Therefore, the motion for preliminary injunction enjoining eviction proceedings must be denied.

A. **Likelihood of Success on the Merits**

Although Defendants strongly argue that judicial estoppel bars all of Plaintiff's claims, the Court does not find this particular argument to be sufficient to demonstrate that Plaintiff has no likelihood of success on the merits. As discussed below, it is actually Plaintiff's failure to timely record a notice of lis pendens pursuant to the Nevada statute which effectively bars any remedy that would void the trustee's sale or entitle Plaintiff to recover title to the property. Accordingly, the Court must deny the motion for preliminary injunction.

/ / /

### *1.    Judicial Estoppel*

Defendants argue that Plaintiff is judicially estopped from alleging any of her causes of action since Plaintiff filed a Chapter 7 bankruptcy case on February 13, 2012, that was discharged on May 15, 2012, and never disclosed any claims or litigation likely to arise in a non-bankruptcy context in her bankruptcy schedule. (*See* Bankruptcy Docket, ECF No. 25-7.) By statute, debtors in a bankruptcy case are required to file a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(i).  This required disclosure includes any contingent and unliquidated claims, and the duty continues for the duration of the bankruptcy proceeding. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id*. at 783.  "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id*. at 784 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).  In *Hamilton*, the Ninth Circuit found that the plaintiff's knowledge of claims against defendant State Farm was "clearly evidenced by the letters that his lawyers wrote to State Farm [in the months prior to filing for Chapter 7 bankruptcy], both of which contained threats of litigation." *Id*. at 785.

Defendants cite *Hay* for the proposition that "[e]ven where all facts about a claim are not known to the debtor, scheduling of the existence of a potential claim is required. (Defs.' Mot. Dismiss, 6:2-4, ECF No. 25.)  However, this is a mischaracterization of the reasoning in *Hay*. The Ninth Circuit found that in that particular case, even though "*all* facts were not known . . . at [the time of the bankruptcy proceedings], . . . enough was known to require notification of the existence of the asset to the bankruptcy court." 978 F.2d at 557.  The amount that must be

"known" was left undefined, and the *Hay* opinion does not discuss the facts of the underlying case with enough depth to assist the Court or the parties in the instant action.

Judicial estoppel is an equitable doctrine invoked by the court at its discretion and intended to protect the integrity of the judicial process. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (quoting *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1311 (9th Cir. 1989) (Hall, J., dissenting))). "Judicial estoppel seeks to prevent the deliberate manipulation of the courts; it is inappropriate, therefore, when a party's prior position was based on inadvertence or mistake." *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997); *accord United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008).

For the instant motion, the Court need not determine whether Plaintiff's omission of the instant claims from her bankruptcy schedule was based on inadvertence or mistake. At this time, and based upon the information presented to the Court, the Court finds that the Defendants have failed to establish that Plaintiff had sufficient knowledge to bar her instant claims. However, as discussed below, the Court finds that Plaintiff's request for an injunction must be denied nevertheless, on a separate basis.

### 2. *Statutorily Defective Foreclosure*

Fannie Mae argues that Plaintiff cannot challenge the trustee's sale because she failed to record a lis pendens within thirty days of filing her complaint, citing Section 107.080(5)(c) of Nevada Revised Statutes. (Supp. Opp., ECF No. 42.) The text of the statute provides:

> 5. Every sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption. A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if:
> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
> (b) Except as otherwise provided in subsection 6, an action is commenced in

the county where the sale took place within 90 days after the date of the sale; and

(c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

Nev. Rev. Stat. § 107.080(5) (2011). In Nevada, "[a] civil action is commenced by filing a complaint with the court." Nev. R. Civ. P. 3. In 2011, the Nevada legislature amended this subsection to change the words "may be declared void" to "must be declared void." Act of May 20, 2011, A.B. 284, Ch. 81 § 9, 2011 Nev. Stat. 334.

Here, the sale was conducted August 3, 2012. (Trustee's Deed Upon Sale, ECF No. 1-4.) Plaintiff filed her original complaint timely with the state court on October 18, 2012, against Defendants CitiMortgage, Nationstar, Cal-Western, and Quality Loan. (Compl., ECF No. 1-2.) Plaintiff filed a lis pendens in the docket of the state court on November 20, 2012. (Docketed Lis Pendens, Ex. B to Supp. Opp., ECF No. 42-2.) Plaintiff filed her Amended Complaint, the operative complaint before this Court, in the state court docket on November 21, 2012. (Am. Compl., ECF No. 1-4.) However, Plaintiff did not record the notice of lis pendens with the Clark County Recorder until November 30, 2012. (Recorded Lis Pendens, Ex. C to Supp. Opp., ECF No. 42-3.)

Plaintiff does not dispute that she failed to record a notice of lis pendens within thirty days after commencement of the action. However, Plaintiff argues that "justice demands that such a small procedural technicality should not be favored over an equitable trial on the merits," and points out that Fannie Mae received actual notice of the pendency of the action on October 31, 2012, thirteen days after the original Complaint was filed. (Reply to Supp. Opp., 2:24-28, 3:2 n.1, ECF No. 44.)

Plaintiff is correct that Fannie Mae presents no controlling case law stating that equitable tolling cannot apply to this statute, and points out distinguishing facts in each of Fannie Mae's

cited cases. However, the case law in the District of Nevada and in the Nevada Supreme Court cited by Fannie Mae are nevertheless more persuasive. *See Ahmed v. Deutsche Bank, N.A.*, No. 2:09-cv-02234-GMN-LRL, 2011 WL 3425460, 2011 U.S. Dist. LEXIS 86244 (D. Nev. Aug. 4, 2011) (finding that the plaintiff failed to record any notice of lis pendens and granting summary judgment in defendants' favor); *Miller v. Wells Fargo Bank, N.A.*, No. 2:10-cv-00363-JCM-PAL, 2010 WL 2697082, 2010 U.S. Dist. LEXIS 67224 (D. Nev. July 6, 2010) (finding that the plaintiffs failed to timely record a notice of lis pendens and dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Schrantz v. HSBC Bank USA, N.A.*, No. 2:11-cv-00699-RCJ-CWH, 2011 WL 6113210, at *2-3, 2011 U.S. Dist. LEXIS 140853, at *6-8 (D. Nev. Dec. 7, 2011) (holding that "[a] court cannot void a sale when a plaintiff has failed to comply with the provisions of NRS § 107.080(5)," and granting summary judgment in defendants' favor where the plaintiff failed to file any notice of lis pendens); *Margulis v. Mortg. Elec. Reg. Sys., Inc.*, No. 2:11-cv-01050-GMN-LRL, 2012 WL 760785, 2012 U.S. Dist. LEXIS 30084 (D. Nev. March 6, 2012) (finding that plaintiff showed no evidence of recording a timely lis pendens and dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Michniak v. Argent Mortg. Co., LLC*, No. 56334, 2012 WL 6588912, at *2, 2012 Nev. Unpub. LEXIS 1776, at *3-4 (Nev. Dec. 2012) (unpublished table decision) (affirming the lower court's dismissal of the complaint where the plaintiff filed an untimely complaint, and holding that "the trustee's deed upon sale was conclusive and beyond challenge once the time period set forth in NRS 107.080 had lapsed"); *but see Schrantz v. HSBC Bank USA, N.A.*, No. 2:11-cv-00699-RCJ-PAL, 2011 WL 2632771, at *5-6, 2011 U.S. Dist. LEXIS 72227, at *14-17 (D. Nev. July 5, 2011) (holding that the court had authority to enter an injunction in eviction proceedings where defendant filed an eviction action in state court seven days after filing a motion to dismiss in federal court).

Furthermore, the Court finds no legal authority supporting Plaintiff's arguments for the

application of equitable tolling of this statute.  The only available exception to the statute's provision that "[e]very sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption" is found in the statute itself. *See* Nev. Rev. Stat. § 107.080(5).  In 2005 the Nevada legislature provided that a sale may be declared void if the trustee or other authorized person does not substantially comply with Section 107.080. Act of June 14, 2005, S.B. 172, Ch. 407 § 7, 2005 Nev. Stat. 1625.  In 2007 the Nevada legislature added the two requirements of commencing the action and recording the notice of lis pendens. Act of June 13, 2007, S.B. 483, Ch. 456 § 50, 2007 Nev. Stat. 2449.  In the years since, the Nevada legislature has enacted no legislation providing for equitable tolling, although it can do so, and Nevada courts have not found any basis for equitable tolling.  Therefore, this federal Court does not see fit to create such an exception where the Nevada legislature and Nevada courts have never found reason to do so.

It follows, then, that since Plaintiff cannot show that she fulfilled the statutory requirements for an exception, and cannot show any legal authority providing any other exception, Plaintiff has failed to meet her burden justifying an injunction to enjoin the eviction proceedings.  The Court cannot find any likelihood of success on the merits of Plaintiff's claims that would entitle her to recover title to the property.  Accordingly, Plaintiff has not shown serious questions going to the merits as to this claim, either.

### 3. *Claims based on the loan modification*

The remainder of Plaintiff's claims are based upon Defendants' actions relating to the loan modification: Breach of Contract; Violation of NRS § 205.372; Breach of Implied Covenant of Good Faith and Fair Dealing; Intentional Interference with Contractual Relations; Fraudulent Misrepresentation; and Negligence *Per Se*.  As the Court noted at the December 28, 2012, hearing, Plaintiff appears to have raised serious questions going to the merits of these

claims, based upon the documentation, or lack of documentation, presented to the Court. However, even if Plaintiff is successful in her claims based on the loan modification, Plaintiff has not shown that any of these remaining claims provides for a remedy that voids the trustee's sale or entitles her to recover title to the property rather than a remedy which provides merely monetary damages.

V.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 21) is **DENIED**.

**DATED** this 11th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge